MURPHY, Circuit Judge,
dissenting.
I respectfully dissent because I believe that the district court did not err in instructing the jury on the standard of care.
The Missouri Supreme Court has made it clear that the highest standard of care does not apply in all cases brought against suppliers of electricity. If the accident causing injury did not involve “the inherently dangerous properties of electricity, *538 the ‘highest degree of care’ standard which is utilized when electricity is the agent of injury is not applicable.” Pierce v. Platte-Clay Elec. Coop., 769 S.W.2d 769, 771 n. 1 (Mo.1989). In the case before the court it is not alleged that the inherently dangerous properties of electricity, such as a risk of shock or electrocution, caused the decedent’s death. Since electricity was not “the agent of injury,” the district court properly instructed the jury on the ordinary care standard. Id.
The court cites several Missouri cases for the proposition that suppliers of electricity are required to exercise the “highest degree of care to prevent injury it can reasonably anticipate,” but in those cases electricity was the agent of injury. Merrick v. Southwest Elec. Coop., 815 S.W.2d 118, 120 (Mo.Ct.App.1991); see also Washburn v. Grundy Elec. Coop., 804 S.W.2d 424, 430 (Mo.Ct.App.1991); Mrad v. Missouri Edison Co., 649 S.W.2d 936, 940 (Mo.Ct.App.1983). No Missouri case indicates that the highest degree of care standard should be applied just because the accident involved a collision with power lines.
Under Missouri law the key inquiry is whether the dangerous propensity of electricity caused the injury, and the standard is ordinary care if electricity did not cause it. See Pierce, 769 S.W.2d at 771 n. 1. The court advocates a rule here which would apply the highest standard of care in an accident involving power lines rather than the rule which turns on whether the accident was caused by electricity. That is a policy choice which should be made by Missouri rather than by a federal court sitting in diversity. I would affirm the judgment.